IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUKAK EFFOING ASANANSI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv872-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On November 8, 2013, petitioner Nukak Effoing Asanansi ("Asanansi") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] Asanansi asserts claims challenging the sentence imposed by this court in July 2010 following his conviction on charges of conspiracy to commit bank fraud, wire fraud, and mail fraud and aiding and abetting bank fraud.  He argues he is entitled to a reduction in his 85-month sentence because a Federal Bureau of Prisons ("BOP") policy renders him ineligible, as a deportable alien, for transfer to a halfway house or minimum-security camp during the latter part of his sentence. The government maintains Asanansi's § 2255 motion is time-barred because it was filed after

---

[1] Asanansi titled his original pleading as a "Motion for Reduction of Sentence Based on Unconstitutionality of Sentence Imposed."  Doc. No. 2.  Through an order entered on December 4, 2013 (Doc. No. 3), this court informed Asanansi that his claims were properly presented in a motion to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255.  Additionally, in compliance with *Castro v. United States,* 540 U.S. 375 (2003), the court notified Asanansi of its intention to treat his filing as such a motion and directed him to advise the court if he wished to proceed on his motion under 28 U.S.C. § 2255; to amend his motion to assert additional claims under 28 U.S. § 2255; or to withdraw his motion.  Asanansi filed nothing in response to the court's order.

expiration of the one-year limitation period in 28 U.S.C. § 2255(f). Doc. No. 11. For the reasons indicted below, the court concludes the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

## II. DISCUSSION

The timeliness of Asanansi's § 2255 motion is governed by 28 U.S.C. § 2255(f), which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On February 18, 2010, a jury found Asanansi guilty of various counts of conspiracy to commit bank fraud, wire fraud, and mail fraud and aiding and abetting bank fraud. 18 U.S.C. §§ 1349, 1344 & 2. On July 19, 2010, the district court sentenced him to a total of

85 months in prison to be followed by five years of supervised release. Judgment was entered by the district court on July 22, 2010. Asanansi took no direct appeal.

Because Asanansi did not appeal, his conviction became final on August 5, 2010, i.e., fourteen days after the district court's July 22, 2010, entry of judgment. *See* Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("When a defendant does not appeal his sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Under 28 U.S.C. § 2255(f)(1), then, he had until August 5, 2011, to file a timely § 2255 motion. Filing his § 2255 motion on November 8, 2013, renders it untimely under § 2255(f)(1).

Seeking to extend the limitation period for filing his § 2255 motion, Asanansi argues his motion is timely under 28 U.S.C. § 2255(f)(4) because, he says, he did not discover the BOP policy preventing placement of deportable aliens in halfway houses or minimum-security camps until September 2013, less than one year before he filed his § 2255 motion. Doc. No. 2 at 2. He maintains the facts supporting his claim for relief – i.e., the existence and effect of the BOP policy – could not have been discovered through exercising due diligence before he says he discovered them. *Id*.

The government demonstrates that the BOP policy was in existence at least since 2006, well before Asanansi was sentenced and entered federal prison in 2010. *See* Doc. No. 2-2, Federal Bureau of Prisons Program Statement, dated September 12, 2006. Therefore, the government is correct in arguing that Asanansi could have discovered the BOP policy through exercising due diligence over a year before he filed his § 2255 motion. Indeed,

3

Asanansi could have discovered the BOP policy through reasonable diligence no later than the date of his sentencing. His ignorance of the law affords him no relief through § 2255(f)(4). "Facts" as used in § 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005).

Asanansi's motion is also untimely under § 2255(f)(2) & (3). He does not allege, much less establish, any unconstitutional or illegal action by the government that prevented him from making his motion. 28 U.S.C. § 2255(f)(2). Nor does he present a claim based on rights newly recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3). Asanansi also fails to show any sufficient extraordinary circumstance to warrant equitable tolling of the limitation period. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The limitation period in Asanansi's case is controlled by § 2255(f)(1). It expired on August 5, 2011. Asanansi's § 2255 motion filed on November 8, 2013, is therefore untimely and his claims are time-barred from review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 26, 2014. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of September, 2014.

        /s/  Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE